## Bradley v. Philadelphia Transportation Company

*Dilworth, Paxson, Kalish & Green*, for plaintiff.
*I. J. Stern*, for defendant.

FLOOD, J., April 14, 1954.—In this negligence case, plaintiff seeks, under Pa. R. C. P. 4005, to require defendant to answer 13 interrogatories. Defendant objects to all but the first. We shall discuss the others in order.

Interrogatory no. 2 asks that defendant state the reason or reasons which caused the subway car involved in this case to come to a sudden, violent and extraordinary stop. Defendant objects that the answer to this question would disclose the existence of reports received in anticipation of litigation, in violation of Pa. R. C. P. 4011(e), and further that the interrogatory violates Pa. R. C. P. 4011(c) (1) in that the reason for stopping the train is a conclusion and an opinion, and therefore irrelevant and inadmissible.

Whether the answer to this interrogatory would compel defendant to produce a document, report or memorandum made in contemplation of litigation is very difficult to determine. However, the reason for the alleged sudden stop can only be an opinion and therefore not the type of information which may be demanded under the discovery rules: Pa. R. C. P. 4011(c) (1) and (2). Plaintiff may take the deposition of the motorman of the train in question pursuant to Pa. R. C. P. 4008 and in this manner obtain information about the manner in which that train stopped and the surrounding circumstances from which the cause of the stop might be inferred by the jury. The second interrogatory is not allowed.

Interrogatory no. 3 asks defendant to state whether or not there are any inspection reports, or other memoranda concerning the equipment on the subway train, of which the subway car in question was an integral part. Defendant again objects that to answer this would disclose the existence of reports received in anticipation of litigation. Plaintiff has stated this interrogatory so broadly that to require defendant to

answer it as phrased could require that it produce whatever reports it may have obtained in anticipation of this litigation, in violation of Pa. R. C. P. 4011(e), and perhaps others remote in time from the accident. However, we should suppose the equipment would be checked at regular intervals by defendant's employes and reports submitted and perhaps other data thereon filed as part of their regular duties. If reports of this nature do exist, Pa. R. C. P. 4011(e) does not cloak their existence and contents from plaintiff. See Browner v. Firemen's Insurance Co. of Newark, N. J., 9 F. R. D. 609 (1949). We therefore allow the third interrogatory, with the limitation, however, that defendant is not required to disclose or produce any reports or memoranda secured for the first time in anticipation of this litigation, or made more than one year prior to the date of the accident.

Interrogatories nos. 4, 5 and 6 ask questions similar to those put in interrogatory no. 3 and for the reasons enunciated above we dispose of them in the same fashion. We feel that plaintiff has the right to inquire concerning the condition of the tracks and signal equipment at and near the vicinity of the accident. If defendant has reports which were received in anticipation of this litigation, he need not divulge their contents or even their existence; however it must answer plaintiff's interrogatory to the extent that it has such information from any other source. Further, defendant must supply plaintiff with all inspection reports concerning the tracks or signal equipment, except those received in anticipation of this litigation. In none of these instances, however, do we require it to supply reports made more than one year prior to the accident.

Interrogatory no. 7 does no more than request the contents of the reports referred to in interrogatories nos. 3 through 6. We allow this interrogatory subject to the qualifications listed above.

In interrogatories nos. 8 and 9, plaintiff seeks any statements that defendant may have obtained from witnesses to the accident from which this litigation arose, and the contents thereof. Pa. R. C. P. 4011 specifically provides:

"No discovery shall be permitted which . . . (e) would disclose the existence or location of . . . statements, . . . made or secured by any person or party in anticipation of litigation."

In view of this express language, plaintiff cannot claim the right to see these statements, which must have been obtained by defendant with an eye to this litigation. Therefore, we deny plaintiff's petition for interrogatories nos. 8 and 9.

Interrogatory no. 10, asking defendant to state the names and addresses of any other persons who have claimed injuries at or about the time of the accident in question as a result of the operation of any subway train or subway car in the vicinity of Eleventh and Market Streets, is objected to by defendant as seeking information which would be irrelevant and inadmissible in evidence: Pa. R. C. P. 4011(c)(1) and (2). While we feel than an interrogatory should be disallowed on the ground of irrelevancy only when it is apparent that the information sought will be certainly irrelevant, we cannot see how evidence relating to injuries received as the result of the operation of any subway train or subway car in the vicinity of Eleventh and Market Streets, except those incurred on the train on which plaintiff was injured, could be admissible under any theory. Therefore, we allow interrogatory no. 10 only to the extent of requiring defendant to state the names and addresses of other persons, if any, who have claimed injuries from the alleged sudden stop of the subway train because of which plaintiff is here bringing suit.

The eleventh interrogatory amounts to a broad ex-

tension of the tenth. In it plaintiff seeks the names and addresses of any person or persons who have claimed injuries as the result of a sudden stop, unusual jolt or unusual jerking of a subway train or car on defendant's route from Bridge Street to Sixty-ninth Street within one year of the accident out of which this litigation arose. For the reasons stated in our disposition of interrogatory no. 10, we deny this interrogatory.

Interrogatory no. 12 seeks the names of all Philadelphia Transportation Company employes present at the time of the accident. We feel that these names should be disclosed by the answer to interrogatory no. 1. However, if in fact it does broaden the first, plaintiff is entitled to learn these names. Plaintiff may depend upon establishing negligence on the part of an employe of defendant, who although present at the scene of the accident, may not have observed it, and therefore possibly might not be considered a witness to the accident itself. To avoid any question of this sort, we allow the twelfth interrogatory.

The last interrogatory demands to know whether defendant ever received any complaints or information to the effect that tracks, signal equipment or other equipment on the subway car or train in question were in need of repair prior to the date of the accident. This is very broad and we cannot conceive of a situation in which this type evidence would be admissible, insofar as it goes beyond what we have allowed in interrogatories nos. 3 to 7. Therefore we deny plaintiff's request.

For the reasons above stated we overrule the objection to interrogatories nos. 3, 4, 5, 6, 7, 10 and 12, except as modified in our opinion, and make the following

## Order

And now, to wit, April 14, 1954, upon consideration of the petition of plaintiff seeking approval of the

written interrogatories directed to defendant, it is ordered and decreed that defendant file a verified answer to interrogatories nos. 1, 3, 4, 5, 6, 7, 10 and 12, attached to said petition, as limited in the opinion filed herewith, within 20 days after service of a copy of the interrogatories and of this order upon it or its counsel of record.